UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PETER KOEPPEL, ET AL. | CIVIL ACTION |
| VERSUS | NO. 24-927 |
| SHAMROCK ENTERPRISES, INC. OF ALABAMA, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiffs' motion to remand.[1] Defendants oppose the motion.[2] For the following reasons, the Court grants the motion.

## I.  BACKGROUND

Plaintiffs Peter Koeppel and Katherine Muslow Koeppel brought this action in the Civil District Court for the Parish of Orleans against defendants Shamrock Enterprises, LLC of Alabama ("Shamrock"); Sean Chappell, Shamrock's owner, operator, and manager; and Amber Farria, the supervisor for Shamrock's franchise business.[3] Plaintiffs allege that their home on St. Charles Avenue in New Orleans, Louisiana, sustained damage due to Hurricane Ida, requiring them to store all furniture and the contents

---

[1]    R. Doc. 5.
[2]    R. Doc. 8.
[3]    R. Doc. 1-1.

of their home while the property was being repaired.[4] Plaintiffs allegedly stored their belongings in a non-climate control facility operated by the defendants. Plaintiffs contend that their property was moved to different locations while in defendants' possession, and that defendants failed to return their property when requested, requiring plaintiffs to arrange for delivery of the property.[5] Plaintiffs further allege that after the property was delivered, it was discovered that various items were missing, including French mirrors, coats, couture clothing, textiles, and furniture, and that other items had been damaged due to mishandling or improper storage conditions.[6]

Defendants removed the action on April 12, 2024, based on diversity jurisdiction.[7] In their notice of removal, defendants concede that both plaintiffs and defendant Farria are citizens of Louisiana, but they contend that Farria was improperly joined as a defendant for the sole purpose of defeating diversity jurisdiction.[8] Plaintiffs now move to remand the action.[9] Plaintiffs assert that even if defendants have a colorable improper joinder

---

4   *Id.* ¶¶ 10-12.
5   *Id.* ¶ 12.
6   *Id.* ¶ 13.
7   R. Doc. 1.
8   *Id.* ¶¶ 11, 14.
9   R. Doc. 5.

2

argument, which plaintiffs expressly deny, defendants' removal was nevertheless untimely, requiring remand.[10] Plaintiffs also seek to recover attorney's fees and costs associated with filing their motion.[11]

The Court considers the motion below.

## II. LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury*

---

[10]  R. Doc. 5-1.
[11]  *Id.*

3

*Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

To timely remove a case, a defendant must file a notice of removal within thirty days of its receipt, through service or otherwise, of the initial pleadings. 28 U.S.C. § 1446(b). In cases involving multiple defendants served at different times, the thirty-day time period for removal is triggered by their individual service dates. Therefore, a later-served defendant may file a notice of removal within its thirty-day window, and any earlier-serviced defendants must join in or consent to that removal "even though that earlier-served defendant did not previously initiate or consent to removal." *Id.*

### III.  DISCUSSION

Under 28 U.S.C. § 1446(b), if the initial pleading in the state court case provides notice that the matter is removable to federal court, then the thirty-day removal clock begins to run at the time the defendant receives a copy of

that pleading "through service or otherwise." 28 U.S.C. § 1446(b)(1). In *Chapman v. Powermatic, Inc.*, the Fifth Circuit set the "bright line rule" that the thirty-day removal clock begins to run only if the initial pleading "*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." 969 F.2d at 163 (emphasis added). Here, plaintiffs' prayer for relief in their state court petition states that they seek damages from defendants "in amounts ($750,000) commensurate with their damages."[12] This language affirmatively reveals that the amount in controversy exceeds $75,000, and the petition was therefore removable at the time of service.

The record reflects that defendant Farria was personally served on February 23, 2024,[13] making her deadline for removal March 24, 2024. The record further reflects that plaintiffs effectuated service of process on defendants Shamrock and Chappell under Louisiana's Long-Arm Statute on March 4, 2024,[14] making their deadlines for removal April 3, 2024. Because defendants waited to remove the action until April 12, 2024, more than thirty days after the later-served defendants received service of process, their removal is untimely. Furthermore, defendants have not proffered, nor does

---

[12]   R. Doc. 1-1 at 4.
[13]   R. Doc. 5-3.
[14]   R. Docs. 5-4 at 9-11; R. Doc. 5-5 at 9-11.

5

this Court find, good cause for this untimeliness. Thus, because plaintiffs timely challenged this Court's removal jurisdiction based on defendants' failure to remove within the applicable thirty-day period, the case must be remanded. *See Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017) ("Because [defendant] filed its notice of removal more than 30 days after [the date it received service of the petition], we hold that remand was proper."); *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (holding motion to remand should have been granted where notice of removal was untimely); *see also* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.").

In granting the motion to remand, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). While the Court has broad discretion to award "costs," it may exercise its discretion to award attorney's fees in the remand context "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 n.5 (5th Cir. 2004) (recognizing that the

remanding court's discretion to award "costs" is "much broader . . . than with respect to an attorney's fees award by the remanding court under § 1447(c)"); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) ("There is no automatic entitlement to an award of attorney's fees."). According to the Supreme Court, "[t]he appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 133.

    Here, plaintiffs assert that defendants "misled" the Court in their notice of removal by listing only the date that plaintiffs executed affidavits of long-arm service, on March 13, 2024, rather than listing the date that Shamrock and Chappell were served, on March 3, 2024.[15] In opposition, defendants contend that they mistakenly determined their deadline for removal based on the date that plaintiffs' filed the affidavits of service in reliance on a requirement under Louisiana law that no default judgment may be rendered against a non-resident defendant until an affidavit of service is filed into the record.[16] The Court finds that defendants' fundamental

---

[15]    R. Doc. 5-1 at 5.
[16]    R. Doc. 8.

misunderstanding of the procedural law underlying removal jurisprudence does not indicate that they had an objectively reasonable basis for believing removal was proper. The law is clear that the thirty-day removal clock begins to run "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Nowhere in the removal statutes is the date of filing an affidavit of service mentioned.

Therefore, the Court finds that there was "no objective support" for defendants' untimely removal, and it awards plaintiffs attorney's fees and costs incurred as a result of the improper removal. *Id.* § 1447(c). The Court retains jurisdiction solely with respect to the award of attorney's fees and costs, the amount of which is to be determined by Magistrate Judge Janis van Meerveld. *See Coward v. AC & S., Inc.*, 91 F. App'x 919, 922 (5th Cir. 2004) ("[W]e hold that a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified.").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand, and awards plaintiffs attorney's fees and costs incurred as a result of the improper removal. IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans in the State of Louisiana.

IT IS FURTHER ORDERED that the issue of attorney's fees and costs incurred in connection the removal be SEVERED. The issue of the amount of attorney's fees and costs to be awarded to plaintiffs is REFERRED to Magistrate Judge van Meerveld to prepare a recommended disposition.

New Orleans, Louisiana, this __30th__ day of May, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE